UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

Case No. 17-cv-10450
Hon. Matthew F. Leitman

v.

JOHN DOE, a subscriber assigned
IP address 98.224.223.170,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND SUMMONS (ECF #14)

On February 12, 2017, Plaintiff Malibu Media, LLC, filed a Complaint against John Doe, an unidentified individual that Malibu could only identify by his internet protocol address. (*See* ECF #1.) In the Complaint, Malibu accuses the Defendant of infringing its copyrights. (*See id.*)

Malibu has not yet served the Defendant with the Complaint.[1] According to Malibu, on May 10, 2017, it sent the Defendant a letter seeking "any exculpatory evidence [he] may have." (Mot. to Extend Summons at ¶3, ECF #10 at Pg. ID 127.) Based on the information Malibu may receive from the Defendant, Malibu says it may need to amend the Complaint. (*See id.*)

---

[1] On March 14, 2017, the Court granted Malibu leave to subpoena the Defendant's identity from his internet service provider. (*See* ECF #9.) Malibu says it received the Defendant's identifying information on or about April 27, 2017. (*See* Mot. to Extend Summons at ¶2, ECF #10 at Pg. ID 127.)

1

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Summons expired on May 13, 2017. (*See id.* at ¶4, ECF #10 at Pg. ID 128.) Malibu has therefore filed a motion in which it requests that the Court extend the Summons until July 2, 2017, so that it has "sufficient time to examine any evidence the [Defendant] may provide and make the determination whether [it] will amend the Complaint…." (*Id.* at ¶6, ECF #3 at Pg. ID 22.)

Malibu's request for an extension is governed by Rule 4(m). In relevant part, that rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff's shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. Rule. Civ. Proc. 4(m). "Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time." *Vargas v. City of Novi*, 2015 WL 3620407, at *2 (E.D. Mich. June 9, 2015) (emphasis in original) (citing *In re Lopez,* 292 B.R. 570, 574 (E.D. Mich. 2003)). "In other words, the court has discretion to permit late service even absent a showing of good cause." *Stewart v. Tennessee Valley Authority*, 2000 WL 1785749, at *1 (6th Cir. 2000) (citing *Henderson v. United States*, 517 U.S. 654 (1996)).

This Court has identified five factors that guide its discretion when it determines whether to extend the time for service:

> whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D. Mich. 2001). In this action, several of these factors weigh in favor of extending the time for service.

The requested extension is for only a modest time period. The prejudice to the Defendant will not be substantial because an approximately 50-day extension is unlikely to materially impair his ability to defend against Malibu's claims. And finally, no factor weighs heavily in favor of dismissing the Complaint at this stage. Accordingly, the Court exercises its discretion to extend until July 2, 2017, the time for serving the Summons and Complaint on the Defendant.

Therefore, for the reasons stated above, Malibu's motion (ECF #10) is **GRANTED**. Malibu shall serve the Defendant with the Summons, Complaint, and a copy of this Order, by not later than July 2, 2017.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2017, by electronic means and/or ordinary mail.

                                                                         s/Holly A. Monda
                                                                         Case Manager
                                                                         (313) 234-5113